**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5168**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT PAUL HADE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:10-cr-00786-RDB-1)

Submitted:  May 11, 2012          Decided:  May 17, 2012

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Barbara E. Kittay, Kensington, Maryland, for Appellant. Jonathan Biran, Assistant United States Attorney, Kristi Noel O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Paul Hade pled guilty pursuant to a plea agreement to sexual exploitation of a minor for the purpose of producing child pornography, in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2011), and was sentenced to a total term of 240 months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that there are no viable grounds for appeal, but nevertheless raises as a possible issue for review whether § 2251(a) is, as applied to Hade, an unconstitutional exercise of Congress's power under the Commerce Clause. Counsel has also filed a motion to withdraw as counsel for Hade. Hade asks that he be granted new counsel and an extension on appeal, but has filed a pro se supplemental brief in which he raises an issue similar to the one raised in the Anders brief. The Government moves to dismiss the appeal, in part, based on the appellate waiver in Hade's plea agreement. We deny counsel's motion to withdraw and Hade's requests for new counsel and for an extension on appeal, and we affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Hade voluntarily and knowingly waived his right to appeal his

2

conviction and sentence to the extent that the sentence was within or below a Guidelines range calculated based on a total offense level of thirty-seven. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Hade's plea agreement did not waive any challenges he may have about his sentence if that sentence was based on a Guidelines range calculated based on a total offense level greater than thirty-seven. Hade's 240-month sentence is within the 210-to-262-month Guidelines range that was calculated based on a total offense

3

level of thirty-seven, and he raises no claims that fall outside the scope of his appellate waiver.[*]

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal, in part. Although we are charged under <u>Anders</u> with reviewing the record for unwaived error, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore deny counsel's motion to withdraw at this time, deny Hade's requests for new counsel and for an extension on appeal, and dismiss the appeal in part and affirm in part. This court requires that counsel inform Hade, in writing, of his right to petition the Supreme Court of the United States for further review. If Hade requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hade. We

---

[*] We nonetheless conclude that the issue raised in Hade's <u>Anders</u> and pro se supplemental briefs is without merit. <u>See</u> <u>United States v. Malloy</u>, 568 F.3d 166, 179-80 (4th Cir. 2009) (finding that § 2251(a) as applied to defendant was a valid exercise of Congress's Commerce Clause power where "there was unquestionably 'local' production of child pornography with a video camera and videotape that had traveled in foreign commerce"). Moreover, to the extent that Hade suggests that counsel provided ineffective assistance, we conclude that ineffective assistance does not conclusively appear on the record. <u>See</u> <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006).

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>